```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :
            -against-               :    ORDER
                                    :
WILLIAM BRADLEY, a/k/a Sealed Defendant 1, :  19 Crim. 632-1 (GBD)
a/k/a Red,                          :
                                    :
                         Defendant. :
------------------------------------x
```

GEORGE B. DANIELS, United States District Judge:

Defendant William Bradley is currently detained at the Metropolitan Correctional Center, awaiting trial for charges of: (1) conspiracy to distribute forty grams and more of fentanyl and a quantity of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and 841(b)(1)(C); (2) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). By letter motion dated March 18, 2020, Defendant moved for temporary release on bail pursuant to 18 U.S.C. § 3142(i). In support of his motion he argues that he "is within the group of people the Centers for Disease Control and Prevention ("CDC") has categorized as most-at-risk for contracting COVID-19" in light of his cardiovascular disease. (Def.'s Letter dated Mar. 18, 2020, ECF No. 23, at 1.) The Government opposed that motion. (*See* Gov't's Letter dated Mar. 23, 2020, ECF No. 24.) On March 24, 2020, this Court denied Defendant's motion for temporary release. (*See* Order, ECF No. 25.) Specifically, this Court declined to exercise its discretion pursuant to 18 U.S.C. § 3142(i), which permits the temporary release of a defendant in pretrial detention in certain circumstances.

This Court determined that Defendant presents a danger to the community and a serious risk of flight to justify his release. In reaching this determination, this Court considered: (1) the

gravity of the offenses with which Defendant is charged, subjecting him to a possible mandatory minimum sentence of ten years' imprisonment, if convicted; (2) the Government's proffer of the conduct underlying those charges; and (3) Defendant's extensive criminal history.  This Court also considered Defendant's existing medical condition of cardiovascular disease.

Subsequently, on April 7, 2020, Defendant moved for reconsideration of the denial, (*see* Mot. for Recons. of Denial of Mot. for Release to Home Incarceration, ECF No. 28.), which the Government opposed, (*see* Gov't's Letter dated Apr. 13, 2020, ECF No. 33).  On April 14, 2020, this Court denied Defendant's motion for reconsideration for the reasons recited in the Government's opposition.  (*See* Order, ECF No. 34.)  Particularly, this Court reasoned that: (1) Defendant's proposed bail package failed to rebut the presumption in favor of detention under the Bail Reform Act; and (2) the risks Defendant presents to the community as a dealer of lethal drugs with a lengthy and violent criminal history coupled with the risk of flight posed by his release far outweigh any purported health risk to Defendant.

On April 28, 2020, Defendant moved this Court for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), which the Government does not oppose.  (*See* Def.'s Letter dated Apr. 28, 2020, ECF No. 35; Gov't's Letter dated May 3, 2020, ECF No. 37.)  Defendant's application for an extension of time to file a notice of appeal is GRANTED.  The Clerk of the Court is directed to terminate the motion accordingly.

Dated: May 11, 2020
      New York, New York

                                                            SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge