**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
                                   :

UNITED STATES OF AMERICA,        :

                                     :

        -against-                   :        MEMORANDUM DECISION

                                       :           AND ORDER

WILLIAM BRADLEY,              :

                                       :           19 Crim. 632

              Defendant.        :

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Defendant, *pro se,* moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot. for Reduction of Sentence ("Def.'s Mot."), ECF No. 75.)   The Government opposes Defendant's motion. (*See* Ltr. of USA in Opp. to Def.'s Mot. for Compassionate Release, dated Oct. 3, 2022 ("Gov't Opp."), ECF No. 81.) Defendant argues that conditions at his prison, along with his medical conditions and the risk posed by his incarceration during the COVID-19 pandemic present "extraordinary and compelling" reasons justifying his immediate release. (Def.'s Mot. at 9, 12–13.) Defendant's motion is DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant was sentenced on November 9, 2021 to 96 months' imprisonment for conspiracy to distribute, and possess with intent to distribute 40 grams and more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and a quantity of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (*See* J., ECF No. 69, at 1–2; Gov't Opp. at 2.) Defendant is incarcerated at FCI Fort Dix, with a projected release date of January 20, 2026. *See Inmate Locator,* FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/) (last accessed April 12, 2023).

## II.  LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the

1

unserved portion of the original term of imprisonment) if, after assessing the factors set forth in § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).[1]   Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) ("The defendant has the burden to show he is entitled to a sentence reduction.").  Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  Circumstances relating to defendant's medical condition, age, and family circumstances qualify as "extraordinary and compelling reasons[.]" United States Sentencing Guidelines § 1B1.13, Appl. Note 1(A)–(C).  There is also a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D).  Finally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

### III.   DEFENDANT HAS NOT ESTABLISHED AN EXTRAORDINARY AND COMPELLING REASON FOR HIS RELEASE

Defendant is approximately 61 years old and suffers from type two diabetes, hypertension, *i.e.*, high blood pressure, enlarged prostate, sleep apnea, obesity, nerve damage, urinary tract

---

[1] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Government has not disputed Defendant's claim that he has satisfied this administrative requirement. (*See* Gov't Opp. at 2.)

disorders and kidney damage. (Def.'s Mot. at 3–4.) Defendant also reported that he has Bell's Palsy, kidney pain and dysfunction, and vision loss. (Def.'s Reply, ECF No. 84, at 4–5.) Defendant argues his serious medical conditions "elevate his risks" to COVID-19. (Def.'s Mot. at 2; Def.'s Reply at 13.) The Centers for Disease Control and Prevention ("CDC") list diabetes, obesity, and high blood pressure as medical conditions posing an increased risk for severe COVID-19 symptoms. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, CTR. DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 12, 2023). The Government does not dispute that Defendant suffers from serious medical conditions but maintains that the Defendant's vaccination status and his successful recovery from COVID-19 in September 2022 counsels against release. (*See* Def.'s Mot. at 7, 9–10; Gov't Opp. at 5–6.)

Even considering his underlying medical conditions, Defendant has failed to demonstrate "extraordinary and compelling reasons" necessitating his immediate release. Defendant's medical conditions, while serious, do not support his early release. Defendant's health records indicate that the BOP is monitoring and managing his health conditions in an adequate manner. (*See* Ex. C, ECF No. 81-3; Ex. D, ECF No. 81-4.); *see also United States v. Mood*, No. 19 Crim. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying compassionate release to defendant with diabetes, hypertension, and obesity, among other conditions, where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication.").

These health conditions, combined with the mere existence of COVID-19, do not present extraordinary and compelling reasons necessitating Defendant's release. Courts in this Circuit have repeatedly held that a Defendant's elevated risk of developing COVID-19 symptoms is

insufficient to justify compassionate release. *See United States v. Skyers*, No. 16 Crim. 377 (MKB), 2021 WL 2333556, at *3 (E.D.N.Y. June 7, 2021) (denying compassionate release to defendant with asthma, obesity, and hypertension because COVID-19 was under control at the defendant's prison facility, and "a generalized fear of contracting COVID-19 does not constitute extraordinary and compelling circumstances warranting release."); *United States v. Malloy*, No. 7 Crim. 898 (VM), 2023 WL 2237504, at *4 (S.D.N.Y. Feb. 27, 2023); *United States v. Stevens,* 459 F. Supp. 3d 478, 486 (W.D.N.Y. 2020) ("[T]he mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme.").

That Defendant contracted and successfully recovered from COVID-19 in September 2022 also counsels against granting compassionate release on that basis. (*See* Def.'s Mot. at 9–10); *United States v. Delorbe-Luna*, No. 18 Crim. 384 (VEC), 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("As several courts have found, a defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Hardy*, No. 11 Crim. 629-5 (CS), 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020) (same).

Moreover, "since [Defendant] filed his motion, the threat from COVID-19 has diminished nationwide and within the BOP." *United States v. Roman*, No. 19 Crim. 116 (KMW), 2022 WL 17819525, at *2 (S.D.N.Y. Dec. 20, 2022). The Federal Bureau of Prisons' ("BOP") statistics indicate that zero inmates and zero staff at FCI Fort Dix are currently testing positive for COVID-19. *See BOP COVID-19 Statistics*, FED. BUREAU PRISONS, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Apr. 13, 2023).

Next, Defendant argues that compassionate release is appropriate due to alleged water contamination at FCI Fort Dix. (Def.'s Mot. at 10–11; Def.'s Reply at 10–11.) Defendant relies on a recent lawsuit brought by the New Jersey Attorney General's Office against the federal government regarding levels of certain chemicals in drinking water at federal government facilities. *See generally In Re Aqueous Film-Forming Foams Prod. Liab. Lit.*, Case No. 18-mn-2873 (D. S.C.). Defendant has made no showing that this litigation presents an "extraordinary or compelling" reason justifying his immediate release. As other courts have noted, the litigation remains ongoing, and "[t]he State of New Jersey's lawsuit at this stage is still an allegation that has not been proven." *United States v. Phileston*, No. 19 Crim. 397 (KAM), 2021 WL 1254542, at *3 (E.D.N.Y. Apr. 5, 2021); *see also United States v. Sykes*, No. 21 Crim. 1709, 2022 WL 1462466, at *2 (6th Cir. Mar. 15, 2022).

Defendant is commended for his rehabilitation efforts, good conduct, and lack of disciplinary infractions while incarcerated. (*See* Def.'s Mot. at 22; Def.'s Reply at 14.) However, these do not constitute extraordinary or compelling reasons justifying his release. "Similarly, maintaining good conduct in prison is not uncommon, and indeed is expected." *United States v. Frazier*, No. 17 Crim. 364-7 (CS), 2023 WL 2139520, at *1 (S.D.N.Y. Feb. 21, 2023) (footnote omitted) (citing *United States v. Stephens*, 605 F. Supp. 3d 499, 502-03 (W.D.N.Y. 2022)) ("Defendant states that he has demonstrated good behavior in prison and has taken advantage of the programming and services offered to him . . . These actions may place him in a better position at the time he is released back into society, but they do not justify his early release.")

Even if the Defendant's medical conditions, rehabilitative efforts, and the alleged water contamination at FCI Fort Dix were extraordinary and compelling, the 18 U.S.C. § 3553(a) factors counsel against Defendant's early release. The nature, circumstances, and seriousness of

Defendant's offenses indicate that the sentence currently imposed remains sufficient but not greater than necessary in this case. Defendant's current sentence appropriately reflects the gravity of his offenses, the weight of his prior criminal history, and the need for deterrence.

Because Defendant has not demonstrated "extraordinary and compelling" reasons to reduce his sentence, Defendant's request for compassionate release is DENIED. The Clerk of Court is hereby directed to close the open motion at ECF No. 75, to mail a copy of this Memorandum and Order to Defendant, and to note the mailing on the docket.

Dated: April 19, 2023
       New York, New York

SO ORDERED.

_George B. Daniel_
GEORGE B. DANIELS
United States District Judge